IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JAMES PRESTON WATKINS,

    Movant

v.                                                   Case No. 1:16-cv-05660
                                                     Case No. 1:00-cr-00160-02

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition. Pending before the court is the Movant's Emergency Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 68), as further addressed in his Supplemental Memorandum (ECF No. 83).

On June 6, 2019, following full briefing of the issues, this matter was stayed pending the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). On June 24, 2019, the Supreme Court issued its decision in *Davis* extending the vagueness analysis used in *United States v. Johnson*, 135 S. Ct. 2551 (2015), which invalidated the residual clause in 18 U.S.C. § 924(c)(3)(B)(ii). Thus, it is now clear that the residual clause in section 924(c)(3)(B) is void for vagueness and that a categorical approach must be applied to determine whether a crime under section 924(c) is a crime of violence. *See also United States v. Simms,* 914 F.3d 229, 233 (4th Cir. 2019) (en banc) (finding that the residual clause of section 924(c) is unconstitutionally vague).

In light of these decisions, this matter is now ready for resolution. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **LIFT THE STAY** and return this matter to the active docket for final resolution.

## RELEVANT PROCEDURAL HISTORY

On November 1, 2000, James Preston Watkins (hereinafter "Defendant") pled guilty, pursuant to a written plea agreement, to one count of aiding and abetting carjacking in violation of 18 U.S.C. §§ 2 and 2119 (Count One) and one count of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two), as set forth in an Indictment returned on July 27, 2000. Count Two of the Indictment specifically alleged that the underlying "crime of violence" for the § 924(c) charge was aiding and abetting carjacking in violation of 18 U.S.C. §§ 2 and 2119. On February 12, 2001, Defendant was sentenced to 168 months of imprisonment on Count One, and a consecutive term of 120 months of imprisonment on Count Two, for a total term of imprisonment of 288 months. A Judgment was entered on February 27, 2001. Defendant did not file a direct appeal to the United States Court of Appeals for the Fourth Circuit.

On June 26, 2015, the Supreme Court decided *United States v. Johnson*, 135 S. Ct. 2551 (2015), holding that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA, and therefore announced a new substantive rule that applies retroactively to cases on collateral review.

On June 15, 2016, the Federal Public Defender was appointed to represent Defendant to determine whether he was entitled to any relief based upon *Johnson*. Then, on June 23, 2016, Defendant, by counsel, filed the instant Emergency Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 asserting that his § 924(c) conviction and sentence are invalid under the rationale in *Johnson*. As noted above, the undersigned stayed this matter pending the Supreme Court's decision in *Davis*. This matter is now ripe for summary adjudication.

## APPLICABLE STATUTORY AUTHORITY

Section 2255(a) of Title 28 provides as follows:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C.A. § 2255(a).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

*(1) the date on which the judgment of conviction becomes final*; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such motion by governmental action; *(3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review*; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (Emphasis added). Defendant's § 2255 motion is clearly untimely under § 2255(f)(1). Accordingly, here, any applicable relief may only be granted if Defendant meets the criteria under § 2255(f)(3).

## DISCUSSION

As noted by Defendant, § 924(c)'s definition of a "crime of violence" has two clauses. § 924(c)(3)(A), which is commonly referred to as the "force clause," includes offenses that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another...." 18 U.S.C. § 924(c)(3)(A). The second clause, contained in § 924(c)(3)(B), is commonly referred to as the "residual clause," and covers offenses that "by [their] nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). The § 924(c) residual clause is materially indistinguishable from the ACCA's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)), which was invalidated in *Johnson*.

Movant's § 2255 motion asserts that the residual clause contained in section 924(c)(3)(B), like that in the ACCA, is void for vagueness, and that his underlying crime of aiding and abetting carjacking (or taking a motor vehicle by force or violence from another) does not otherwise meet the definition of a "crime of violence" sufficient to sustain his conviction under § 924(c). Thus, he contends that his § 924(c) conviction and sentence should be vacated. However, as discussed below, Defendant's claim for relief is foreclosed by the Fourth Circuit's decision in *United States v. Evans*, 848 F.3d 242, 246-48, (4th Cir, 2019).

As noted previously, in *Davis*, the Supreme Court found that the residual clause contained in 18 U.S.C. § 924(c)(3)(B) is void for vagueness under the same rationale as that used in *Johnson* to invalidate the ACCA residual clause, and the Court further directed that a categorical approach

4

is required to determine whether a particular offense is a crime of violence. 139 S. Ct. at 2327-2336. Thus, the residual clause cannot be used to support a finding that Defendant's carjacking offense is a crime of violence to sustain Defendant's § 924(c) conviction.

*Davis* was a direct appeal, and the Supreme Court has not rendered an opinion on whether that decision is retroactive on collateral review, such that it would warrant relief under § 2255. Nonetheless, based upon the Supreme Court's decision in *Welch*, the undersigned will consider *Davis* to be retroactive on collateral review and shall review Defendant's section 924(c) conviction and sentence thereunder. Because Defendant's motion was filed within one year of the Supreme Court's decision in *Johnson*, which first set forth the new substantive rule, the undersigned proposes that the presiding District Judge **FIND** that his motion was timely under 28 U.S.C. § 2255(f)(3) ("The [one-year] limitation period shall run from the latest of . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

However, even presuming that *Davis* is retroactive on collateral review, Defendant's carjacking offense is still, categorically, a crime of violence under § 924(c)'s force clause. *See United States v. Evans*, 848 F.3d 242, 246-48 (4th Cir. 2019) (finding that carjacking is categorically a crime of violence under § 924(c)'s force clause); *Pritt v. United States*, No. 1:16-cv-05659, 2020 WL 5200646, at *3-4 (S.D. W. Va. Jan. 15, 2020), *report and recommendation adopted by* 2020 WL 5096997 (S.D. W. Va. Aug. 28. 2020); *Hall v. United States*, No. 2:16-cv-05727, 2019 WL 4732479 (S.D. W. Va. Jul. 24, 2019), *report and recommendation adopted by* 2019 WL 4733549 (S.D. W. Va. Sep. 26, 2019). Moreover, to the extent that Defendant was charged with aiding and abetting his crimes, that does not affect the finding that he was convicted

of a crime of violence in which a firearm was used. The Fourth Circuit has specifically found that, "[a]iding and abetting is not itself a federal offense, but simply "describes the way in which a defendant's conduct resulted in the violation of a particular law." *United States v. Ashley*, 606 F.3d 135, 143 (4th Cir. 2010); *see* 18 U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."); *United States v. Barefoot*, 754 F.3d 226, 239 (4th Cir. 2014); *United States v. Jaensch*, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals."). Therefore, where the principal offense is a crime of violence, those who aided and abetted the offense have also committed a crime of violence. *See, e.g., United States v. Brayboy*, 789 Fed. Appx. 384 (4th Cir. 2020) (rejecting, on plain error review, petitioner's argument that aiding and abetting Hobbs Act robbery is not a crime of violence under § 924(c)); *see also; United States v. Richardson*, 2020 WL 413491 (6th Cir. Jan. 27, 2020); *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. McKelvey*, 773 Fed. Appx. 74, 75 (3d Cir. 2019).

Defendant's conviction for aiding and abetting carjacking remains a crime of violence. Thus, he cannot demonstrate that his § 924(c) conviction was improper or unconstitutional and he is not entitled to any relief under § 2255. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant's conviction under 18 U.S.C. §§ 2 and 2119 is categorically a crime of violence under 18 U.S.C. § 924(c)(3)(A), that Defendant was properly convicted of a violation of 18 U.S.C. § 924(c)(1)(A), and that his consecutive 120-month sentence for that conviction is not in excess of the maximum authorized by law or imposed in violation of the

Constitution or laws of the United States. Therefore, Defendant is not entitled to any collateral relief on that basis.[1]

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that the presiding District Judge **LIFT THE STAY**, **REINSTATE** this matter to the active docket, **DENY** Defendant's Emergency Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 68) and **DISMISS** this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Faber.

---

[1] Because Defendant is not entitled to any substantive relief, the undersigned declines to address the other reasons for dismissal argued by the United States.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

September 30, 2020

Dwane L. Tinsley
United States Magistrate Judge